**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| S.E., et al., | No. CV-22-02011-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Danny George Sowers, et al., | |
| Defendants. | |

On January 10, 2020, this case was filed in Los Angeles Superior Court. (Doc. 3 at 12.)

On June 8, 2020, Defendant Knight Transportation, Inc. dba Arizona Knight Transportation, Inc. ("Knight") removed the action to the Central District of California, Western Division ("C.D. Cal. Court"). (Doc. 3.)

Knight did not respond to the complaint by the June 15, 2020 response deadline. On June 17, 2020, the C.D. Cal. Court issued an order for Plaintiff to show cause why the claims against Knight should not be dismissed for failure to prosecute. (Doc. 8.)

On June 18, 2020, Knight filed a motion to change venue to the District of Arizona. (Doc. 12.)

On June 24, 2020, Plaintiffs responded to the order to show cause, asserting that Knight had appeared and therefore, under what appears to be a faulty interpretation of Rule 55 of the Federal Rules of Civil Procedure, Plaintiffs did not believe they could request

entry of default.[1] (Doc. 16.)

On June 26, 2020, the C.D. Cal. Court ordered the show-cause order discharged. (Doc. 17.)

On November 19, 2021, the C.D. Cal. Court issued an order for Plaintiff to show cause why the claims against Defendant Danny George Sowers, should not be dismissed for failure to prosecute. (Doc. 32.)

Plaintiffs did not respond to the show-cause order, and therefore Sowers was dismissed. (Doc. 33.)

On November 16, 2022, the C.D. Cal. Court granted the motion to change venue. (Doc. 35.)

On November 29, 2022, the case was transferred to the District of Arizona and assigned to the undersigned judge. (Docs. 36, 37.) That same day, the Court issued its preliminary order, which specifies that "failure to prosecute . . . may result in dismissal of all or part of this case . . . ." (Doc. 38 at 6.)

Although this case has been pending for three years and two months, Knight still has not filed a response to the complaint. For the third time in this action, Plaintiffs are ordered to show cause why this case should not be dismissed for failure to prosecute.

"It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). "When considering whether to dismiss a case for lack of prosecution, the district court must weigh the court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to the defendants against the policy favoring disposition of cases on their merits, and the availability of less drastic sanctions." *Id.* "Only 'unreasonable' delay will support a dismissal for lack of prosecution." *Id.* The Ninth Circuit has affirmed dismissal *without prejudice* for a delay as short as four weeks, noting that "[a] relatively

---

[1] Pursuant to Rule 55(b)(2), "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." This provision does not relate to a request for the Clerk to enter default, which is governed by Rule 55(a)—which says nothing about parties having appeared.

- 2 -

brief period of delay is sufficient to justify the district court's sending a litigant to the back of the line." *Id.* at 497.

Plaintiffs shall show cause why this case should not be dismissed without prejudice for failure to prosecute. The Court is interested in knowing the reason Plaintiffs did not apply for entry of default against Knight after this case was transferred to the District of Arizona and the prejudice, if any, to Plaintiffs if this case were dismissed without prejudice—particularly whether any statute of limitations would bar the case from being filed anew. The Court notes that the public interest in expeditious resolution of litigation weighs heavily in favor of dismissal of this long-pending action. The two previous orders to show cause for failure to prosecute—and the dismissal of one of the two named Defendants in this action after one of those orders was ignored—further weighs in favor of dismissal. Finally, it is difficult to understand why Plaintiffs, after waiting over two years for a ruling on Knight's motion to transfer, would do nothing for over three months following transfer.

Accordingly,

**IT IS ORDERED** that Plaintiff shall file a memorandum by **March 20, 2023**, not to exceed five pages, showing cause why this case should not be dismissed for failure to prosecute.

**IT IS FURTHER ORDERED** that Defendants "Does 1-50" are dismissed for failure to serve.

Dated this 13th day of March, 2023.

_____
Dominic W. Lanza
United States District Judge